IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            CRIMINAL ACTION NO. 2:22-cr-00006

RANDALL DWIGHT HOLDEN, II,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

        Pursuant to Standing Order entered on October 31, 2023, the Court instituted review of sentence in this matter upon its own motion. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023).

Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later. By previous Order entered on November 30, 2023, this case was designated for Standard consideration pursuant to this Court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSR from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Mr. Holden was convicted of prohibited interception and disclosure of wire, oral, or electronic communications pursuant to a guilty plea entered on February 15, 2022. At the time of his original sentencing, he had zero criminal history points. He had a total offense level of 17 and a criminal history category of I, for a Guideline range of 24 to 30 months. On June 23, 2022, the Court imposed a guideline sentence of imprisonment of 27 months, to be followed by three years of supervised release. The Court also ordered Mr. Holden to pay $100,000 in restitution to his victim. Mr. Holden's projected release date is May 25, 2024. Following implementation of Amendment 821, Mr. Holden would receive an additional two-level reduction to his offense level after Chapters Two and Three of the Guidelines Manual are applied. His offense level would be 15 and his criminal history category would remain I, resulting in an amended Guideline range of 18 to 24 months.

The PSR Addendum notes that Mr. Holden appears to satisfy all the criteria outlined in the new §4C1.1.[1] Mr. Holden argues that his sentence should be reduced to the bottom of the amended Guideline range, 18 months, or time served, based on his record of achievement while incarcerated. Specifically, Mr. Holden notes that he has completed several programs "that demonstrate his commitment to rehabilitation and preparation for success" upon his release. (Mem. Def. at 3) (Document 43.) The United States does not oppose a reduction but recommends a sentence of 21 months, at the midpoint of the amended Guideline range.[2] (Mem. U.S. at 2) (Document 42.)

Mr. Holden ostensibly qualifies for a reduction as a Zero Point Offender. Nevertheless, the Court finds that Mr. Holden is not eligible for relief under Amendment 821. Relevant here, Mr. Holden knowingly hid an audiovisual recording device in the bedroom of a female victim and used this device to record himself engaging in sexual activity with the victim—who was depicted nude—without her knowledge or consent. Mr. Holden also recorded images and videos of the victim using additional recording devices located throughout the victim's residence. He then uploaded the images and videos to multiple pornographic websites, at times including with the posts identifying information such as the victim's full name and where she lived. At sentencing, the Court further found that Mr. Holden's conduct constituted a pattern of behavior. Indeed, Mr. Holden had previously created and uploaded to the Internet sexually explicit videos and images of

---

[1] Mr. Holden's offense of conviction involved a sexual component. Section 4C1.1(a)(5) excludes from its benefit defendants whose "instant offense" is a "sex offense." However, the applicable definition of "sex offense" is limited to certain offenses involving minors. *See* U.S.S.G. §4C1.1(b)(2). Inasmuch as Mr. Holden's instant offense is not one of those enumerated offenses, his offense is not a "sex offense" for purpose of applying §4C1.1.

[2] Such sentence would also result in a time served sentence. The Court notes that, pursuant to U.S.S.G. §1B1.10(b)(2)(C), any reduced term of imprisonment may not be less than the term the defendant has already served. The Court further notes that the United States did not specify what, if any, consultation was undertaken with the victim to arrive at the suggested reduction. Inasmuch as the Court has determined that a reduction under Amendment 821 is inappropriate here, the Court does not require further evidence of such consultation. However, the Court reminds the United States of its ongoing obligations to crime victims pursuant to 18 U.S.C. § 3771.

a former girlfriend and sexually explicit images of a former fiancée without either woman's consent. Mr. Holden also included identifying information about his former girlfriend. Mr. Holden was confronted by both women with the impact and harm of his actions. Nevertheless, he went on to repost the images and videos of his former girlfriend multiple times, including the day before her wedding. The Court reiterates its finding at sentencing that Mr. Holden inflicted irreparable and enduring harm on all three women.

The Court has also considered the remaining Section 3553(a) factors and finds that they do not support a reduction pursuant to Amendment 821. Mr. Holden argued at sentencing that he faced mental health challenges which affected his judgment. The Court took this into consideration in recommending he receive access to relevant treatment and resources while incarcerated but reiterates its finding that Mr. Holden's challenges do not excuse his egregious conduct. Further, the Court noted at sentencing that, even if a lower advisory Guideline range had been established, it would have varied upward to the sentence imposed to adequately serve the goals of sentencing. Accordingly, the Court finds that the original sentence of 27 months of imprisonment, followed by three years of supervised release, remains sufficient, yet not greater than necessary, to meet the goals of sentencing. It reflects the seriousness of the offense, provides just punishment, promotes respect for the law, and should deter Mr. Holden and other from committing similar crimes in the future. It also adequately protects the public, to the extent possible, from further crimes by Mr. Holden while avoiding unwarranted sentence disparities and providing restitution to his victim.

Based on the foregoing considerations, the Court **ORDERS** that any relief pursuant to Amendment 821 be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: December 13, 2023

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA